UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMAN FELTS,<br><br>　　　　　　　　　　Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Respondent. | Civil No.:  21cv00025 JAH<br>Criminal No.:  13cr02296 JAH<br><br>**ORDER DENYING PETITIONER'S MOTION TO VACATE, SET ASIDE OR CORRECT HIS SENTENCE UNDER 28 U.S.C. § 2255 AND DENYING A CERTIFICATE OF APPEALABILITY [ECF No. 655]** |

Pending before the Court is Petitioner Norman Felts' motion challenging his conviction pursuant to 28 U.S.C. section 2255.  The motion is fully briefed.  After a thorough review of the record and the parties' submissions, and for the reasons set forth below, this Court DENIES Petitioner's motion.

## BACKGROUND

On or about June 10, 2013, Petitioner was arrested on a criminal complaint for possession of matters containing images of minors engaged in sexually explicit conduct and later indicted for transportation of images of minors engaged in sexually explicit conduct in violation of 18 United States Code sections 2252(a)(1) and (b)(1) and possession of matters containing images of minors engaged in sexually explicit conduct in violation of 18 United States Code sections 2252(a)(4)(B) and (b)(2).  *See* ECF Nos. 1, 2, 11.  On

1  January 29, 2014, a third superseding indictment was filed charging Petitioner with
2  multiple counts. ECF No. 82.  The Honorable Cathy Ann Bencievengo, United States
3  District Judge, dismissed several counts without prejudice on the Government's motions
4  and conducted a bench trial on the remaining counts. *See* ECF Nos. 116, 132. Following
5  the three-day bench trial, Judge Bencievengo found Petitioner not guilty of several counts,
6  dismissed a count and found Petitioner guilty of one count of transportation of images of
7  minors engaged in sexually explicit conduct in violation of section 2252(a)(4)(B) and
8  (b)(2). *See* ECF No. 244; TR 353:6-8, 356:19-21 (ECF No. 265).

9      On October 5, 2015, Petitioner, through counsel, filed motions to compel discovery,
10 for judgment of acquittal and for a new trial. ECF No. 283. The Government initially
11 opposed the motions but, later, filed a notice of non-opposition to Petitioner's request for
12 a new trial. *See* ECF Nos. 289, 297. Thereafter, the action was assigned to this Court. *See*
13 ECF No. 309.

14    A Fourth Superseding Indictment charging Petitioner with three counts was filed on
15 January 13, 2016. ECF No. 310. The Court granted Petitioner's motion to sever counts
16 and provided the Government the election as to which counts to try first. *See* ECF Nos.
17 378, 415; TR 26:23-25 (ECF No. 425). The Court dismissed count two of the Fourth
18 Superseding Indictment with prejudice on Respondent's request on May 18, 2018. *See*
19 ECF Nos. 477, 478, 479. Trial on count one of the superseding indictment, violation of 18
20 United States Code section 2423(c), began on July 5, 2018. *See* ECF No. 493. On July
21 12, 2018, day six of trial, the Court granted Petitioner's request for a mistrial. *See* ECF
22 Nos. 513, 514.

23    A superseding information was filed on June 25, 2019, charging Petitioner with one
24 count of possession of matters containing images of minors engaged in sexually explicit
25 conduct in violation of 18 United States Code section 2252(a)(4)(B) and (b)(2). ECF No.
26 586. Petitioner pleaded guilty to the single count information. *See* ECF Nos. 588, 589.

27    On November 18, 2019, this Court sentenced Petitioner to ten years imprisonment
28 followed by ten years of supervised release. *See* ECF Nos. 603, 605. Petitioner filed a

motion to reduce his sentence under 18 United States Code section 3582 which this Court denied by order filed December 4, 2020.  See ECF Nos. 611, 631.

Petitioner, proceeding *pro se*, filed a motion to vacate the superseding information on November 24, 2020, and motion to vacate pursuant to 28 United States Code section 2255 on January 7, 2021.  *See* ECF Nos. 630, 633.  He, later, filed a request for oral argument and evidentiary hearing.  ECF No. 637.  Noting Petitioner's ongoing attempts to supplement his motion, the Court directed Petitioner to file an amended motion to vacate complete in and of itself, without reference to his original or supplemental motions.  *See* ECF No. 645.  Petitioner filed an amended motion seeking to vacate his sentence on May 4, 2021.  ECF No. 655.  Respondent filed an opposition and Petitioner filed a reply.  *See* ECF Nos. 658, 662.  Petitioner, later, filed a request for a ruling without a hearing and supplemental documents.  *See* ECF Nos. 669, 680.  Noting his reply included statements that he was unable to completely respond to Respondent's arguments in opposition, the Court provided Petitioner additional time to supplement his reply.  Petitioner filed a supplemental document on August 19, 2024.[1]

## LEGAL STANDARD

A section 2255 motion may be brought to vacate, set aside or correct a federal sentence on the following grounds: (1) the sentence "was imposed in violation of the Constitution or laws of the United States," (2) "the court was without jurisdiction to impose such sentence," (3) "the sentence was in excess of the maximum authorized by law," or (4) the sentence is "otherwise subject to collateral attack."  28 U.S.C. § 2255(a).

---

[1] In his supplemental document, Petitioner claims he still has not received documents the Clerk of Court indicates were sent to him at his current address.  The Court received no notice that the documents were returned as undeliverable as would normally be the case when documents are sent to an incorrect address.  All but one of the documents Petitioner claims he does not have are simply notices of mail returned as undeliverable, none of which contain substantive information related to the pending motion.  The remaining document is a transcript of the change of plea hearing.  While Petitioner contends he is unable to reply to Respondent's arguments addressing his purported mental impairment caused by his anemia during the hearing, Petitioner provides significant argument in support of his claim of impairment in both his motion and reply.

# DISCUSSION

Petitioner seeks to vacate his plea of guilty and requests an order dismissing the action with prejudice. He argues the prosecution of the action violated his due process rights under the Fifth and Fourteenth Amendments of the United States Constitution. He contends (1) the prosecution sought an indictment knowing he was factually innocent; (2) 18 United States Code section 2252(a)(4)(B) is unconstitutional; (3) the Government violated the plea agreement; (4) he is factually innocent; (5) he had ineffective assistance of counsel; (6) his waiver of rights was not knowing and intelligent; (7) the Court's inquiry to establish a factual basis to accept his plea of guilty was constitutionally inadequate; and (8) he lacked representation at the critical stages of the proceedings. Petitioner also "preserves" an issue of ineffective assistance of counsel with respect to counsel's advice regarding the change of plea and the Adam Walsh Act.

In opposition, Respondent argues the petition asserts Petitioner is factually innocent despite his plea of guilty and evidence of sexual misconduct, and Petitioner knowingly and voluntarily waived his right to collaterally attack his conviction.

## I. Waiver

Petitioner waived collateral attack when he pleaded guilty. Plea Agreement at 11 (ECF No. 588); TR 26:3-7 (ECF No. 665). A knowing and voluntary waiver of a statutory right is enforceable. *United States v. Navarro-Botello*, 912 F.2d 318, 321 (9th Cir. 1990). The right to collaterally attack a sentence pursuant to section 2255 is statutory in nature, and a defendant may, therefore, waive the right to file a section 2255 petition. *See United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1993) (holding that, by entering a plea agreement whereby the defendant waived his right to appeal his sentence, the defendant relinquished the right to directly or collaterally attack his sentence on the ground of newly discovered exculpatory evidence). The burden is on Petitioner to demonstrate his plea was not made voluntarily or knowingly. *Little v. Crawford,* 449 F.3d 1075, 1080 (9th Cir. 2006).

Petitioner argues his waiver was not made knowingly or voluntarily because he was suffering from cognitive impairment at the time he changed his plea and the Court's inquiry to establish a factual basis for accepting the plea was inadequate. "Waivers of constitutional rights not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences." *Brady v. United States*, 397 U.S. 742, 748 (1970). The Court looks to the totality of the circumstances surrounding the change of plea to determine whether it was voluntary and knowing. *See United States v. Kaczynski*, 239 F.3d 1108, 1114 (9th Cir. 2001).

**A. The Record Demonstrates Petitioner was not Impaired.**

Petitioner argues he was suffering cognitive impairment due to severe anemia at the time he pleaded guilty. Respondent argues the transcript of the change of plea hearing shows that Petitioner was active, engaged and lucid, and displayed sharp thinking and attention to the written plea contract. This Court agrees.

During the change of plea hearing, the Court initially addressed Petitioner's previous request to represent himself. When Petitioner, through counsel, withdrew his request, the Court provided Petitioner an opportunity to speak to independent counsel. TR 2:21-3:22 (ECF No. 665). Petitioner unequivocally rejected the offer to speak to independent counsel. *Id*. 3:23-24.

As the hearing continued, Petitioner expressed confusion about the procedure for his change of plea and, in response, the Court provided Petitioner the opportunity to confer with counsel. *Id*. 7:19-8:8. After speaking with his attorney, the Court explained to Petitioner he should feel free to ask the Court to repeat anything he did not understand and take whatever time he needed to confer with his lawyer. *Id*. 9:10-14. Petitioner, in fact, took the opportunity to ask several questions throughout the hearing. He specifically inquired into his agreement to a presumption that his sentence would be correct and his inability to challenge the sentence under the provisions of the plea agreement. *Id*. 11:21-12:12. After conferring with his attorney and Government counsel, Petitioner expressed his desire to "make the record" of his understanding based upon his discussions with

counsel. *Id*. 14: 18-20. Petitioner also inquired as to the meaning of "collateral attack" and whether it would impact his then-pending civil lawsuit. *Id*. 23:13-24:6. In response to the Court's inquiry into whether he had any questions about the forfeiture addendum to the plea agreement, he asked for the "theory of law" that supported the forfeiture of his computer. *Id*. 30:15-31:16. When the Court asked if Petitioner understood that a previously prepared pre-sentence report would be considered by the Court for sentencing, Petitioner responded that he was the person who suggested it. *Id*. 35:14-18.

Petitioner's questions and conduct during the change of plea hearing demonstrated his mental fitness and ability to understand the proceedings and the consequences of pleading guilty. Petitioner's unsupported contention that he was suffering a mental deficiency due to anemia is belied by the record and not credible. *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.").

**B. The Court's Rule 11 Inquiry to Establish a Factual Basis**

Petitioner argues the Court's questions during the change of plea hearing were crafted to prevent it from being revealed that he is actually innocent of the crime of which he was convicted. Respondent contends this Court cautiously and deliberately ensured Petitioner understood the terms of the plea agreement and Petitioner's contention that the Court should have asked more probing questions is not cognizable under section 2255.

Rule 11 of the Federal Rules of Criminal Procedure requires a court to "determine that there is a factual basis for the plea." FED.R.CRIM.P. 11(b)(3). Challenges to a court's compliance with the formal requirements of Rule 11 are generally not cognizable under section 2255. *United States v. Timmreck*, 441 U.S. 780 (1979). However, a challenge based upon a violation of Rule 11 may be brought under section 2255 if "the violation amounted to a jurisdictional or constitutional error or that the violation resulted in a

complete miscarriage of justice or in a proceeding inconsistent with the demands of fair procedure." *United States v. Grewal*, 825 F.2d 220, 222 (9th Cir. 1987).

Petitioner argues the Court's questions as to whether he violated each element of the crime were constitutionally inadequate because they prevented the record from demonstrating Petitioner was pleading guilty to a crime of which he was factually innocent.

The following discussion took place during the change of plea hearing:

> The Court: All right. All right. Mr. Felts, at this time, I'm going to ask you some questions so that I can determine whether or not you've actually committed a crime. I remind you that you're under oath and your answers are subject to penalties of perjury and false statement. On May 28th of 2013, did you enter the Southern District of California at the Tecate Port of entry?
> The Defendant: Yes, Sir.
> The Court: And at that time, did you knowingly possess a matter, specifically, a Toshiba hard drive with serial no XN -- strike that. X9MJT9KJTES6?
> The Defendant: Apparently so.
> The Court: All right. Would you agree that the United States could prove that that hard drive contained visual depictions of minors engaged in sexually explicit conduct?
> The Defendant: Minors 16 or 17 years old, yes, Sir.
> The Court: All right. and specifically, those visual depictions included items identified as "messy_room_boy," "random-teen" and "taintedtuesday011," which show teenage boys, 16 or 17 years of age, exhibiting their nude genitals and pubic areas?
> The Defendant: Yes, Sir.
> The Court: And would you agree that that was sexually explicit conduct?
> The Defendant: By the definition -- by the definition in the code, yes, Sir.
> The Court: All right. And do you agree that those depictions exhibited minors engaged in sexually explicit conduct?
> The Defendant: Yes, Sir.
> The Court: Did you know that the production of each -- of such visual depictions involved use of minors engaging in sexually explicit conduct as defined by 18 U.S.C. section 2256(2)?
> The Defendant: What? Oh, yes, Sir. Yes. I had lost the place.
> The Court: And do you agree that these visual depictions had been transported using any means or facility of interstate or foreign commerce; specifically, that you used the internet to obtain and possess the visual depictions, and you agree that the internet is a facility of interstate commerce?
> The Defendant: Yes, Sir.

TR 26:8-28:2 (ECF No. 665).

Thereafter, counsel for the United States sought clarification. She initially noted that Petitioner said "apparently so" when the Court asked Petitioner about the hard drive, seeking to confirm he knowingly possessed the hard drive that contained the photos. *Id*. 28:4-11. When asked, Petitioner agreed he knowingly possessed the hard drive but explained he was unsure about the serial number. *Id*. 28:14-25. Government counsel further inquired into whether Petitioner knew that the hard drive contained visual depictions of "teenage boys lasciviously exhibiting their nude genitals and pubic areas." *Id*. 29:2-10. Petitioner agreed and adopted counsel's statement as his own. *Id*. 29:11-15. Counsel then inquired into whether Petitioner knew that the visual depictions showed minors engaged in sexually explicit conduct and Petitioner also adopted that statement as his own. *Id*. 29:18-23.

The Court's questions, Petitioner's response to those questions and to the Government's questions seeking clarification provided a sufficient factual basis as required by Rule 11. *See United States v. Neel*, 547 F.2d 95, 96 (9th Cir. 1976) ("The court need not be convinced beyond a reasonable doubt that an accused is guilty. It need only be convinced that there is sufficient evidence to justify the reaching of such a conclusion."). The Court's inquiry was not constitutionally infirm.

To the extent "actual innocence" is an exception to a waiver of the right to collaterally attack a conviction, Petitioner fails to demonstrate he is actually innocent. "To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States,* 523 U.S. 614, 623 (1998) (internal quotations and citations omitted). Petitioner pleaded guilty to "knowingly possessing, or knowingly accessing with intent to view. . .matter[s] which contain any visual depiction that has been mailed, . . .shipped or transported using any means or facility of interstate or foreign commerce. . ." and the "visual depiction involves the use of a minor engaging in sexually explicit conduct. . .and is of such conduct." 18 U.S.C. § 2252(a)(4)(B). He now argues the Government had no

evidence he ever viewed the images at issue in the case or evidence confirming the ages of the minors in the images.

"'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley,* 523 U.S. at 623. Judge Bencivengo, following Petitioner's first trial, pointed to significant circumstantial evidence which shows Petitioner knew the hard drive contained visual depictions of minors engaged in sexually explicit conduct, including Petitioner's internet searches for sexually explicit photos of young boys, his admission that he took such pictures of a minor boy, admissions of sexual interest in young boys, a demonstrated desire to shield and protect the hard drive from seizure, the drive was kept in his personal possession, the drive had the software to create and access the files and that the files were "buried in a number of other folders to obscure their presence." TR 354:6-21 (ECF No. 265). Judge Bencivengo also specifically noted the photos themselves were evidence that the subjects were minors. *Id.* at 355:6-8. During a later hearing, Judge Bencivengo explained, while discussing Petitioner's motions for acquittal and a new trial, she was unsure whether her decision regarding the ages of the minors was based solely on those pictures or those pictures along with other pictures she viewed prior to trial. TR 3:22-4:14 (ECF No. 321). However, there is other evidence that supports the individuals depicted in the photos were minors, including Petitioner's admissions of sexual interest in young boys and that the images depicted 16 and 17 year-old boys. *See United States v. Rearden,* 349 F.3d 608, 614 (9th Cir. 2003) (finding expert testimony unnecessary when the images themselves and other evidence shows the subjects of the images were minors).

Petitioner fails to carry his burden of demonstrating no reasonable juror would convict him in light of the evidence. Additionally, Petitioner was aware of this evidence at the time he pleaded guilty and agreed that he knowingly possessed visual depictions of minors engaged in sexually explicit conduct. His admission during the hearing carries a strong presumption of veracity and he should be bound by his admission. *See Muth v. Fondren*, 676 F.3d 815, 822 (9th Cir. 2012).

//

**C. Breach of the Plea Agreement**

Petitioner contends the Government violated two provisions of the plea agreement. Petitioner argues by failing to notify his attorney that the Government never informed the Grand Jury that Petitioner never viewed the images and there was no evidence as to the ages of the minors, the Government violated the provision of the plea agreement that requires the Government to provide known information establishing his factual innocence. He further argues the Government violated the provision requiring it to provide complete and accurate facts to the Court and U.S. Probation when it failed to inform the Court it had no evidence Petitioner viewed the images and no evidence confirming the minor's ages.

In opposition, Respondent argues all parties knew the evidence did not show Petitioner clicked on the images after he downloaded them and that the expert could not provide an opinion about the age of the individuals in the photos but there was other evidence they were minors. Because the information was provided to Petitioner, his attorneys and the Court, the Government argues it did not breach the plea agreement or deprive Petitioner of exculpatory information. Respondent contends Petitioner had all this information when he made the decision to plead guilty.

"The Supreme Court has recognized that the government's breach of the parties' plea agreement is 'undoubtedly a violation of the defendant's rights.'" *United States v. Whitney,* 673 F.3d 965, 970 (9th Cir. 2012) (quoting *Puckett v. U.S.*, 556 U.S. 129, 136 (2009)). Plea agreements are contracts between the prosecutor and the defendant and are examined under contract law standards. *United States v. Manzo,* 675 F.3d 1204, 1210 (9th Cir. 2012); *United States v. Keller,* 902 F.2d 1391, 1393 (9th Cir. 1990). When determining whether a party has breached a plea agreement, a court must ascertain the terms of the agreement as "reasonably understood" by the parties. *Keller*, 902 F.2d at 1393.

According to the plea agreement, information establishing Petitioner's factual innocence known to the prosecutor was turned over to Petitioner and the Government agreed to "continue to provide such information establishing the factual innocence of [Petitioner]." Plea Agreement at 6 (ECF No. 588). Additionally, the plea agreement noted

that "nothing in th[e] plea agreement limits the Government's duty to provide complete and accurate facts to the district court and the U.S. Probation office." *Id* at 7.

As discussed above, the information Petitioner claims supports his actual innocence fails to demonstrate he is factually innocent. Additionally, the information was provided to Petitioner during previous discussions with the Government and, as such, Petitioner and his attorneys knew the information at the time he signed the plea agreement and pleaded guilty. Accordingly, the Court finds there was no breach of the plea agreement by the Government.

**II. Grounds not Waived**

Petitioner's waiver is enforceable. However, the scope of a section 2255 waiver may be subject to potential limitations. A waiver may not "categorically foreclose" a movant from bringing section 2255 proceedings where a petitioner claims ineffective assistance of counsel challenging the voluntariness of his plea. *Washington v. Lampert*, 422 F.3d 864, 871 (9th Cir. 2005); *Abarca*, 985 F.2d at 1014. Additionally, jurisdictional claims, those that challenge a statute as unconstitutional or argue the information fails to state an offense, are exceptions to the waiver. *United States v. Montilla,* 870 F.2d 549 (9th Cir. 1989) (citing *United States v. Broncheau,* 597 F.2d 1260 (9th Cir. 1979)).

Accordingly, Petitioner's claims that challenge the constitutionality of the statute and his attorney's effectiveness in connection with the plea or sentencing are not waived.[2]

**A. Constitutional Challenge**

Petitioner argues section 2252(a)(4)(B) makes innocent behavior criminal solely to benefit the Government and is, therefore, unconstitutional. Petitioner suggests the law is unconstitutional because the definition of "minor" was amended to include an individual under the age of 18 to assist with enforcement of the statute and there was no finding that "posting of sexually explicit images on the Internet of 16 and 17 year olds undermines the

---

[2] The remaining claims are subject to the waiver and will not be addressed by the Court.

moral fiber of society" or that 16 or 17 year-old minors are harmed by the posting of images of them involved in sexually explicit conduct. Motion at 18. He contends the law creates a "legal absurdity" because the age of consent for sexual conduct is 16 in certain states.

Petitioner appears to challenge the constitutionality of the statute that criminalizes knowingly possessing images of minors engaging in sexually explicit conduct because, he contends, possessing such images of 16 or 17 year-old minors is "innocent behavior." The Ninth Circuit explicitly rejected a similar challenge in *United States v. Laursen*, 847 F.3d 1026 (9th Cir. 2017). In *Laursen*, the defendant argued the child pornography statutes were overbroad because he had a privacy interest in taking photos of his consensual sexual relationship with a 16 year-old. Noting that no constitutional protection exists for sexual relationships between adults and children, that "the Supreme Court has made it crystal clear that child pornography is not constitutionally protected" and "protecting children from sexual abuse and exploitation constitutes a particularly compelling interest of the government", the Ninth Circuit determined that taking pornographic photos of the 16 year-old was "unquestionably prohibited conduct." *Id*. at 1034 (citing *New York v. Ferber,* 458 U.S. 747, 763 (1982)). Accordingly, despite Petitioner's contention to the contrary, matters containing depictions of minors, ages 16 or 17, engaging in sexually explicit conduct is not innocent behavior. Therefore, his constitutional challenge fails.

## B. Ineffective Assistance of Counsel

Petitioner maintains counsel was ineffective for failing to research whether Petitioner's health would adversely affect his cognitive skills when discussing the plea agreement and advising him to sign the plea agreement although the Government had no evidence he committed the crime. Petitioner also contends his attorney was ineffective for telling him he did not qualify for the Adam Walsh Act.

Respondent argues Petitioner's ineffective assistance of counsel claims all fail because they are premised on his account of the facts that are contradicted by the record. As such, Respondent argues, Petitioner cannot show counsel's services fell below the constitutional standard or that he was prejudiced by the assistance he received.

The Sixth Amendment to the Constitution provides that every criminal defendant has the right to effective assistance of counsel. To sustain a claim of ineffective assistance, a petitioner has the burden of showing (1) that his or her defense counsel's performance was deficient, and (2) that the deficient performance prejudiced his or her defense. *Strickland v. Washington*, 466 U.S. 668, 690-92 (1984); *Hendricks v. Calderon*, 70 F.3d 1032, 1036 (9th Cir. 1995). Petitioner must prove both elements. The Court may reject his claim upon finding either that counsel's performance was reasonable or that the claimed error was not prejudicial. *Strickland*, 466 U.S. at 697. The *Strickland* test applies to federal collateral proceedings. *Id*. Furthermore, the Ninth Circuit has applied the *Strickland* standard to claims of ineffective assistance of counsel during plea negotiations. *Lampert*, 422 F.3d at 871-72 (9th Cir. 2005).

To satisfy the deficient performance prong of the *Strickland* test, a petitioner must show that his counsel's conduct was not "within the range of competence demanded of attorneys in criminal cases." *Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (quoting *McMann v. Richardson*, 397 U.S. 759 (1970)). There is a "strong presumption that counsel's conduct falls within a wide range of acceptable professional assistance." *Strickland*, 466 U.S. at 689. The performance inquiry "must be whether counsel's assistance was reasonable considering all the circumstances." *Id*. at 688.

In demonstrating prejudice, a petitioner must show that counsel's actions had an adverse effect on the outcome of his proceedings. *Id*. at 693. Prejudice, within the meaning of *Strickland*, focuses on whether the results of the proceedings are fundamentally unfair or unreliable because of counsel's ineffectiveness. *Lockhart v. Fretwell*, 506 U.S. 364, 366 (1993). Specifically, a petitioner that seeks to use a claim of ineffective assistance of counsel to challenge a guilty plea must demonstrate "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59.

Petitioner fails to demonstrate counsel's assistance was deficient when counsel did not research whether Petitioner's health would adversely affect his cognitive skills and

when advising Petitioner to sign the plea agreement despite the Government's lack of an expert to testify as to the ages of the minors.  As discussed above, the record indicates Petitioner was suffering from no cognitive impairment during the change of plea hearing but, rather, was mentally fit and able to understand and participate in the proceedings.  Also discussed above is the significant evidence demonstrating Petitioner committed the crime to which he pleaded guilty.  Therefore, considering all the circumstances, Petitioner fails to overcome the strong presumption that counsel's conduct of which he complains fell below the range of competent attorneys.

   Petitioner's counsel did not respond to the Government's request for information about counsel's discussion with and advice to Petitioner regarding the risk of civil commitment under the Adam Walsh Act.  However, the record demonstrates Petitioner was informed of the possible consequences of civil commitment during his change of plea and plea colloquy.  The plea agreement contained a paragraph that explained Petitioner understood that a person in custody of the Bureau of Prisons can be certified as a "sexually dangerous person" under 18 United States Code section 4248(a) which allows for litigation to determine whether commitment is proper.  Plea Agreement at 5 (ECF No. 588).  The paragraph specifically explained that the parties were not able to predict whether Petitioner would be certified as a sexually dangerous person but the prosecutors in this action would not be involved or make any recommendation regarding "the initial certification determination that triggers" the proceedings under section 4248(a).  *Id*.  Petitioner initialed the page of the agreement that contained the paragraph and acknowledged that he read and understood the portion of the agreement regarding civil commitment when, during the change of plea hearing, the Court inquired.  *See Id*.; TR 21:1-4 (ECF No. 665).  The Court also specifically informed Petitioner if he changed his plea to guilty, he may be certified as a sexually dangerous person under section 4248(a).  TR 20:18-25 (ECF No. 665).  Having clearly been informed of the risk by this Court and the plea agreement, Petitioner cannot demonstrate he was prejudiced by counsel's alleged failure to advise him of the possible

consequences of civil commitment. *See Womack v. Del Papa,* 497 F.3d 998, 1003 (9th Cir. 2007). Plaintiff's claim of ineffective assistance of counsel fails.

### III. Hearing

Petitioner initially sought a hearing on the instant petition. He, later, filed a document maintaining he should be returned to the Southern District of California so he could prepare for the hearing unless the Court determines the petition can be granted without oral argument. Although filed as a motion for ruling without a hearing, it is clear Petitioner requests a hearing unless the Court grants the petition. This Court, however, finds the record conclusively establishes Petitioner is not entitled to relief. Accordingly, there is no basis for an evidentiary hearing. *See* 28 U.S.C. § 2255(b).

### CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules following 28 U.S.C. section 2254, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" in Section 2255 cases such as this. A habeas petitioner may not appeal the denial of a Section 2255 habeas petition unless he obtains a certificate of appealability from a district or circuit judge. 28 U.S.C. § 2253(c)(1)(B); *see also United States v. Asrar*, 116 F.3d 1268, 1269-70 (9th Cir. 1997) (holding that district courts retain authority to issue certificates of appealability under AEDPA). A certificate of appealability is authorized "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To meet this threshold showing, a petitioner must show that: (1) the issues are debatable among jurists of reason, (2) that a court could resolve the issues in a different manner, or (3) that the questions are adequate to deserve encouragement to proceed further. *Lambright v. Stewart*, 220 F.3d 1022, 1025-26 (9th Cir. 2000) (citing *Slack v. McDaniel*, 529 U.S. 473 (2000)).

Based on this Court's review of the record, this Court finds no issues are debatable among jurists of reason and no issues could be resolved in a different manner. This Court further finds that no questions are adequate to deserve encouragement to proceed further. Therefore, Petitioner is not entitled to a certificate of appealability.

**CONCLUSION AND ORDER**

Based on the foregoing, IT IS HEREBY ORDERED:

1. Petitioner's motion to vacate, set aside or correct his sentence (ECF No. 665) is **DENIED**;

2. Petitioner's motion for oral argument (ECF No. 637) and motion for ruling granting the petition without oral argument (ECF No. 669) are **DENIED**;

3. Petitioner is **DENIED** a certificate of appealability.

DATED:   September 18, 2024

_____
JOHN A. HOUSTON
United States District Judge